UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| UNITED STATES OF AMERICA |
| -v.- |
| NEHAD THAHER, |
| Defendant. |

17 Cr. 302 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Defendant Nehad Thaher's motion for
reconsideration of the Court's June 8, 2020 Opinion and Order denying his
motion for compassionate release (Dkt. #253); the Government's opposition
letter brief (Dkt. #254); and Mr. Thaher's supplemental submission (Dkt. #255).
For the reasons set forth herein, the motion is denied.

The Court incorporates by reference the factual findings and legal
analysis in its June 8 Opinion, in which it denied without prejudice Mr.
Thaher's original motion for compassionate release and requested instead that
he apply to the Bureau of Prisons ("BOP") for a furlough. *See United States* v.
*Thaher*, No. 17 Cr. 302-3 (KPF), 2020 WL 3051334, at *1 (S.D.N.Y. June 8,
2020) ("*Thaher I*"). Several developments have emerged since then. Mr. Thaher
applied for a furlough and was denied; the proffered bases for that denial, plus
additional information about Mr. Thaher's medical conditions, underlie his
reconsideration motion. (Dkt. #252 at 1-2).

There have also been significant developments in the BOP's efforts to
combat the spread of COVID-19 at FCI Elkton, where Mr. Thaher is housed. At
the time of *Thaher I*, the Court observed:

> According to the information maintained by the BOP,
> 446 inmates and 7 staff members are listed as currently
> "positive" for the COVID-19 virus; 9 inmates have died
> from the virus; and 153 inmates and 46 staff members
> are listed as having "recovered" from the virus. See
> https://www.bop.gov/coronavirus/ (accessed June 8,
> 2020). The degree and speed of transmission of the
> virus at FCI Elkton has dwarfed other BOP facilities,
> which suggests that, however well-thought-out, the
> BOP's COVID-19 Modified Operations Plan is simply not
> working at FCI Elkton.

*Thaher I*, 2020 WL 3051334, at *5.  Indeed, sharing the Court's concerns, a

district judge in the Northern District of Ohio identified a medically vulnerable

subclass at FCI Elkton and ordered the BOP to "to evaluate each subclass

member's eligibility for transfer out of Elkton through any means, including

but not limited to compassionate release, parole or community supervision,

transfer furlough, or non-transfer furlough" within two weeks.  (*Wilson* v.

*Williams*, No. 4:20 Civ. 00794 (JG) (N.D. Ohio), Dkt. #22 at 20).  The day after

*Thaher I* was issued, on June 9, 2020, the Sixth Circuit vacated the district

court's preliminary injunction on the ground that Petitioners were unlikely to

succeed on the merits.  *See Wilson* v. *Williams*, 961 F.3d 829 (6th Cir. 2020).

This Court is unaware of how many, if any, members of the medically

vulnerable subclass were transferred out.

Since then, the progress of the virus at Elkton has ebbed and flowed.

Significantly for purposes of the present motion, the virus is at an ebb:  As of

today's date, the BOP reports 3 inmates and 2 staff members being listed as

currently "positive" for the COVID-19 virus; no additional inmates have died

from the virus; and 970 inmates and 51 staff members are listed as having

"recovered" from the virus.  *See* https://www.bop.gov/coronavirus/ (accessed

August 31, 2020).  The Court means not to minimize the suffering of those

inmates and staff members who have contracted the virus, as well as their

families.  But the principal reason for the Court's consideration of

compassionate release in this case was the pervasiveness of the virus among

the inmate population; with the virus under control, the Court's concerns

about risk of harm to Mr. Thaher are similarly reduced.  Moreover, the new

information submitted by defense counsel about Mr. Thaher's medical

conditions does not change the calculus; as the Government notes,

"thalassemia was listed by the CDC as a health condition that 'might' increase

the risk of severe illness from COVID-19 based on limited evidence, and high

cholesterol was not listed in the CDC's guidance at all."  (Dkt. #254 at 2).  *See*

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-

with-medical-conditions.html (accessed August 31, 2020).

In short, the public health concerns that animated the Court's prior

opinion have been resolved such that the Court does not believe that Mr.

Thaher has demonstrated "extraordinary and compelling reasons" that warrant

compassionate release, nor, on the facts of this case, that "such a reduction is

consistent with the applicable policy statements issued by the Sentencing

Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  Accordingly, Mr. Thaher's motion

for reconsideration is denied.

SO ORDERED.

Dated:      August 31, 2020
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge